```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
```

Tamarkqua Garland,

                         Plaintiff,

    -against-

Judge John Carter and Michael J. Schordine,

                         Defendants.[*]

**TRANSFER ORDER**
22-CV-03462 (DG) (CLP)

```
-------------------------------------------------------------X
```

DIANE GUJARATI, United States District Judge:

      On May 23, 2022, Plaintiff Tamarkqua Garland, proceeding *pro se* and incarcerated at Clinton Correctional Facility in Dannemora, New York, filed this action bringing claims under 42 U.S.C. § 1983 against Defendants Judge John Carter and Michael J. Schordine. *See generally* Complaint ("Compl."), ECF No. 1.[1] Plaintiff also filed an application to proceed *in forma pauperis*. *See* ECF No. 2.

      For the reasons set forth below, the Court orders that this case be transferred to the United States District Court for the Southern District of New York.

                             \*    \*    \*

---

[*] The Clerk of Court is directed to update the caption as set forth above.

[1] Under the "prison mailbox rule," the operative filing date is the date on which the Complaint was delivered to prison officials for transmittal to the Court. *See Bynum v. Doe*, No. 16-CV-06332, 2019 WL 1259568, at \*2 (E.D.N.Y. Mar. 19, 2019) ("[A] *pro se* prisoner's § 1983 complaint is deemed filed when it is delivered to prison officials for transmittal to the court."); *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds*, 25 F.3d 81 (2d Cir. 1994); Compl. at 5 (declaration reflecting that on May 23, 2022, Plaintiff delivered the Complaint to prison authorities to be mailed to the United States District Court for the Eastern District of New York).

For Plaintiff's filings, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF").

Title 28, United States Code, Section 1391(b) ("Section 1391(b)"), in relevant part, provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

Title 28, United States Code, Section 1406(a) ("Section 1406(a)") provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  "When considering whether a transfer would serve the interest of justice, [the court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)).  A transfer under Section 1406(a) may be made upon motion or by a court *sua sponte*.  *See Pisani v. Diener*, No. 07-CV-05118, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (collecting cases).

Here, transfer of this action to the Southern District of New York is appropriate under Section 1406(a).  First, venue does not properly lie in the Eastern District of New York as Plaintiff has not satisfied either of the relevant requirements of Section 1391(b): Plaintiff does not allege that either Defendant resides in the Eastern District of New York and does not allege that any events or omissions occurred within the Eastern District of New York.  *See generally* Compl.  Second, it appears that this action "could have been brought" in the Southern District of New York: Plaintiff provides Bronx, New York addresses for Defendants, *see* Compl. at 2, and alleges that certain events giving rise to his claim(s) occurred in Bronx, New York, *see* Compl. at 3-4.  Third, the Court concludes that transfer – rather than dismissal – is in the interest of justice,

particularly in light of Plaintiff's *pro se* status. *See Gonsalves-Carvalhal v. Aurora Bank, FSB*, No. 12-CV-02790, 2014 WL 201502, at *7 (E.D.N.Y. Jan. 16, 2014) (collecting cases).

Accordingly, the Clerk of Court is hereby directed to transfer this action to the United States District Court for the Southern District of New York. *See* 28 U.S.C. §§ 112(b), 1406(a). The decision on Plaintiff's application to proceed *in forma pauperis*, *see* ECF No. 2, is reserved for the transferee court.

The provision of Local Civil Rule 83.1 requiring a seven-day delay between a transfer order and the effectuation of the transfer is waived.

No summons shall issue from this Court, and the Clerk of Court is directed to close this case.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: October 4, 2022
      Brooklyn, New York

3